UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SANDRA WATSON-RALPH,

        Plaintiff,                                 14 Civ.

- against -

THE UNITED STATES OF AMERICA,        COMPLAINT
and CW RESOURCES, INC.

        Defendants.                        JURY TRIAL DEMANDED
----------------------------------------------------------------------x

        Plaintiff Sandra Watson-Ralph, by her undersigned counsel, the Law Offices of Joseph Monaco, P.C., allege for her complaint as follows:

## JURISDICTION AND VENUE

1.      In this action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et. seq., this Court has jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.      On October 18, 2012, pursuant to 28 U.S.C. § 2401(b), Plaintiff submitted an SF-95 Administrative Claim to the Defense Commissary Agency (the "Commissary"), the Department of the Army (the "Army"); departments of the defendant, setting forth the plaintiff's damages in the amount of One Million Dollars ($1,000,000.00).

3.      The subject claim was assigned claim number 13-391-T003 by the Department of the Army.

4.      More than six months have passed since the presentation of the subject claim.

5.      That, to date, the Commissary and/or The United States of America has not formally "denied" the plaintiff's claim.

6. Jurisdiction over this action is conferred on this Court pursuant to 28 U.S.C.A. §1346(b).

7. This accident occurred in the County of Kings, City and State of New York.

8. Venue in this Court is proper pursuant to 28 U.S.C.A. §1402(b).

9. This action has and is being commenced in conformance with 28 U.S.C.A. §2401(b).

10. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 as to those state law claims that are so related to the federal claims as to form the same case or controversy.

## THE PARTIES

11. At all times relevant to this action, the plaintiff was a resident of the State of New York, County of Kings.

12. At all times relevant herein, The United States of America, the Army and/or the Commissary owns and/or operates a commissary located at 115 White Ave, Brooklyn, New York (hereinafter the "Store").

13. At all times relevant herein, defendant CW Resources, Inc. (hereinafter "CW") was a corporation organized under the laws of the State of Connecticut and authorized to do business as a foreign corporation by the laws of the State of New York.

14. At all times relevant herein, defendant CW provided custodial, cleaning, and/or maintenance services at the Store.

15. On or about October 5, 2012, the plaintiff was an invitee, customer and/or patron of the Store.

## AS AND FOR A FIRST CLAIM FOR RELIEF

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if fully set forth herein.

17. At the same time, date and place aforesaid, Defendants were the business owners in fee and/or lessors, lessees, possessors, operators, maintainers and were otherwise in full management, possession and control of the Store.

18. At the same time, date and place aforesaid and for some time prior thereto, Defendants individually and/or by and through its agents, servants, employees and/or managers or the Defendant's direct predecessor in title, carelessly, negligently and/or recklessly maintained certain areas of the premises in a negligent matter so as to allow the floor of said areas to be wet and/or slippery which presented and posed an unreasonably dangerous and hazardous condition, such that same became and was unsafe to persons of the public and lawful patrons of the aforementioned premises including Plaintiff.

19. Defendants were under a duty to use reasonable care to maintain the aforesaid area in a safe and suitable condition for public use so that persons, including but not limited to the plaintiff, lawful invitees of the premises, might use the aforesaid area in safety.

20. On the date aforesaid and for a long time prior thereto, Defendants or one of its predecessors in title, used or permitted the use of the premises and Defendants failed to perform their duties in that they did not keep their premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warning signals or signs on the property; failed to provide

3

proper, safe and clear access for persons allowed to use the property; conducted, or had conducted, certain activities on the premises which caused the floor to be wet and slippery; and were otherwise negligent in the maintenance of the business premises.

21. Defendants had actual or constructive notice of the unsafe and dangerous condition of the aforesaid area, in the alternative, or a reasonable inspection of the aforesaid area would have put them on notice and Defendants negligently, carelessly and/or recklessly failed and neglected to take any steps to remedy or abate said condition or to warn and/or protect the persons of the general public, business invitees, lessees from the dangers created by said conditions.

22. All Defendants named herein allowed the property and area in question to be in a hazardous and dangerous condition at the time of plaintiff's injury; the injury was proximately caused by the hazardous and dangerous condition described herein; and the dangerous condition created a reasonable foreseeable risk of the kind of injuries which plaintiff incurred. Moreover, the Defendants had actual or constructive notice of the dangerous condition within a time frame prior to the accident and injuries to have taken appropriate steps, measures, and action to protect persons against the dangerous condition. Despite this, Defendants failed to protect against this dangerous condition and their failure to abate, eliminate, maintain, and take remedial action was palpably unreasonable.

23. The defendants were actually aware and/or should have been aware of a prior spill in the area of the plaintiff's accident and failed to properly and/or sufficiently clean the area before the happening of the accident.

24. The defendants failed to properly protect the plaintiff and other patrons from the area of the spill and/or provide warning signage in the area to alert persons of the danger thereat.

(a) against defendant the United States of America, on the first claim for relief, in the sum of one million dollars ($1,000,000), together with interest, costs and disbursements as provided by law;

(b) any such other and further relief that this court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable – where applicable under the Federal Rules of Civil Procedure.

Dated: New York, New York
January 4, 2014

THE LAW OFFICES OF
JOSEPH MONACO, PC

By: _____
Joseph D. Monaco III (JDM 7862)
1500 Broadway – 21st Floor
New York, New York 10036
212-486-4244