UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.:
CV14-0136

-----------------------------------------------------------------x

SANDRA WATSON-RALPH,

                                Plaintiff,

- against -

THE UNITED STATES OF AMERICA, and CW
RESOURCES, INC.,

                               **Defendants.**

-----------------------------------------------------------------x

**VERIFIED ANSWER**

JURY TRIAL
DEMANDED

Defendant CW RESOURCES, INC. by its attorneys, LAW OFFICES OF SAFRANEK, COHEN & KROLIAN, answering plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

      FIRST:      Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 1 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

      SECOND:      Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 2 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

      THIRD:      Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 3 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

      FOURTH:      Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 4 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

FIFTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 5 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

SIXTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 6 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

SEVENTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 7 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

EIGHTH: Denies each and every allegation contained in paragraph 8 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

NINTH: Denies each and every allegation contained in paragraph 9 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TENTH: Denies each and every allegation contained in paragraph 10 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 11 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWELFTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 12 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

THIRTEENTH: Admits.

FOURTEENTH: Denies each and every allegation contained in paragraph 14 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

FIFTEENTH: Denies knowledge or information sufficient to form a belief for each and every allegation contained in paragraph 15 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

### AS A RESPONSE TO THE FIRST CLAIM FOR RELIEF

SIXTEENTH: As and for a response to paragraph 16 of the Complaint, except as herein before admitted or otherwise pleaded, denies upon information and belief each and every allegation repeated, reiterated and/or realleged in paragraphs 1 through 15 of the complaint.

SEVENTEENTH: Denies each and every allegation contained in paragraph 17 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

EIGHTEENTH: Denies each and every allegation contained in paragraph 18 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

NINETEENTH: Denies each and every allegation contained in paragraph 19 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTIETH: Denies each and every allegation contained in paragraph 20 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-FIRST: Denies each and every allegation contained in paragraph 21 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-SECOND: Denies each and every allegation contained in paragraph 22 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-THIRD: Denies each and every allegation contained in paragraph 23 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph 24 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-FIFTH: Denies each and every allegation contained in paragraph 25 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-SIXTH: Denies each and every allegation contained in paragraph 26 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-SEVENTH: Denies each and every allegation contained in paragraph 27 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph 28 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

TWENTY-NINTH: Denies each and every allegation contained in paragraph 29 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

THIRTIETH: Denies each and every allegation contained in paragraph 30 of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

PRAYER FOR RELIEF: Denies each every request contained in the Prayer for Relief and respectfully refers all questions of fact and law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-FIRST: The culpable conduct of the plaintiff caused any injuries and/or damages sustained by the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-SECOND: That the causes of action stated in the complaint herein did not accrue, nor did any part thereof accrue, within the applicable time period prior to the commencement of this action so that the action is barred by operation of the Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-THIRD: That the Court has no jurisdiction of the person of the answering defendant in that Proper Service of Process was not made.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: That the complaint fails to state a cause of action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: That any injuries or damages sustained by the plaintiff arose while in the course of his/her employment for this answering defendant so that the sole and exclusive remedy is pursuant to the provisions of the New York State Workers' Compensation Law and with no right of recovery herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: In the event plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(p) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as Insurance, Social Security, Workers' Compensation or employee benefit programs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: In the event The liability of the answering defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: The action is barred by plaintiff's implied and/or express assumption of the risk for the activity plaintiff was doing at the time of the occurrence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: That the within action brought on behalf of the plaintiff herein is frivolous in nature and the defendant, is as a result, entitled to recover costs and attorney's fees pursuant to C.P.L.R. 8303-a.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTIETH: That the within Plaintiff failed to mitigate their damages pursuant to Law, Statute and Agreement and therefore, has sustained no damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-FIRST: The answering defendant alleges that plaintiff alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-SECOND: The answering defendant If plaintiff sustained any injury or incurred any loss or damages as alleged in the complaint, the same were caused in whole or in part by actions or omissions of another or others over whom the answering defendant is not responsible, and whose conduct the defendant had no duty or reason to anticipate or control.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: The answering defendant alleges that plaintiffs injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of the answering

defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: Notwithstanding that the answering defendant have denied liability herein, in the event that liability is found, the liability of the answering defendant shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT, ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

FORTY-FIFTH: If the plaintiff was It is alleged in the complaint that the damages sustained by the plaintiff were the result of the negligence of the co-defendant, THE UNITED STATES OF AMERICA and the cross-complaining CW RESOURCES, INC. begs leave to refer to the complaint at the time of trial. If the plaintiff was caused to sustain damages as alleged in the complaint and the cross-complaining defendant also found negligent, it will be entitled to contribution and indemnification, either in whole or in part as the case may be, by the co-defendant THE UNITED STATES OF AMERICA, for the portion of damages which were caused by co-defendant, THE UNITED STATES OF AMERICA, said co-defendant for negligence, respectively, together with attorney's fees, costs and disbursements to the cross-complaining defendant..

WHEREFORE, defendant CW RESOURCES, INC. demands judgment dismissing the complaint, together with costs and disbursements, and such other relief as the Court may deem just and proper.

Dated:       White Plains, New York
             February 26, 2014

                                    LAW OFFICES OF SAFRANEK,
                                    COHEN & KROLIAN

                                    By: _____
                                    MATTHEW F. RICE, ESQ.
                                    Attorneys for Defendant
                                    CW Resources, Inc.
                                    One Water Street
                                    White Plains, New York 10601
                                    (914) 997-0072
                                    File No: 14-1506 (MR9476)


To:   The Law Offices of Joseph Monaco, P.C.
      Attorneys for Plaintiff
      1500 Broadway, 21st Floor
      New York, NY 10036
      (212) 486-4244

      Kevan Cleary, Esq.
      Assistant District Attorney
      United States District Attorney's Office
      271 Cadman Plz E, Brooklyn, NY 11201
      (718) 254-6004

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF WESTCHESTER    )

Mattthew F. Rice, an attorney duly admitted to practice in the State of New York, affirms the following under penalty of perjury:

That I am an associate with LAW OFFICES OF SAFRANEK, COHEN & KROLIAN, attorneys for defendant CW RESOURCES, INC. herein, and that the foregoing answer is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief and that, as to those answers, I believe them to be true.

The grounds as to the matters stated upon information and belief are the results of investigations and information received while acting as an attorney.

Pursuant to CPLR § 3020(d)(3), the reason that this Verification is made by me and not by the defendant is that said defendant's residence is not within the county where we maintain our office.

Dated:   White Plains, New York
         February 26, 2014

_____
MATTHEW F. RICE, ESQ.